# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JESSICA BOZEMAN,**

      **Plaintiff,**

**vs.**                         **Case No. 4:26cv216-RH-MAF**

**CITY OF TALLAHASSEE,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing an emergency complaint, ECF No. 1, seeking "prospective non-dispositive relief" concerning three animals[1] who are being held in the Tallahassee-Leon County Animal Services Center.  Plaintiff also filed an emergency motion for temporary restraining order and preliminary injunction, ECF No. 3.

Plaintiff was granted leave to proceed in forma pauperis, and service was directed, requiring an expedited response.  ECF No. 6.  In response, Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim, ECF No. 12, and a response,

---

[1] The animals at issue are dogs.  ECF No. 1 at 2.

ECF No. 13, in opposition to the emergency motion for a temporary restraining order.  Plaintiff has filed a notice of supplemental facts,[2] ECF No. 10, and a memorandum in opposition to Defendant's motion to dismiss, ECF No. 18.  Those motions are ready for a ruling.

**Underlying Facts**

The City of Tallahassee brought an action in state court against Plaintiff Jessica Bozeman, seeking custody of four dogs and prohibiting Ms. Bozeman "from possessing or having custody of domestic animals." *See City of Tallahassee v Jessica Bozeman,* 2026 CC 000429.  ECF No. 4 at 4; *see also* ECF No. 12 at 2.  Judgment was entered in favor of the City and against Ms. Bozeman on February 27, 2026.  ECF No. 1 at 3; ECF No. 4 at 4-8.

The "Final Judgment" transferred custody of four dogs to the City of Tallahassee.  ECF No. 4 at 7.  The Order stated that "Respondent, Jessica Bozeman, shall have no further custody of the three (3) remaining dogs."[3]

---

[2] Plaintiff's notice concerns the status of the three animals at issue and the remains of the fourth animal.  ECF No. 10.  The notice has been reviewed.

[3] One dog, Shianne, has already been euthanized.  ECF No. 1 at 1.  The other three dogs have been "temporarily placed . . . in administrative hold status."  *Id.* at 4.

*Id.* Ms. Bozeman filed an appeal to the First District Court of Appeal which is still pending. *Id.*

Ms. Bozeman's emergency motion seeks to prevent the City from placing the dogs up for adoption and from "transferring, fostering, rescuing, euthanizing, relocating, sterilizing, surrendering, or subjecting" the dogs to "irreversible disposition or permanent transfer of custody while state appellate review remains pending . . . ." ECF No. 3 at 2. Her complaint asserts a due process claim under 42 U.S.C. § 1983, ECF No. 1 at 5, and the request for relief within the complaint mirrors the request from the emergency motion. *Id.* at 6.

**Motion to Dismiss, ECF No. 12**

The City points out that it lawfully seized the dogs from Ms. Bozeman "following a finding of probable cause" that her minor son "had engaged in sexual abuse of" one of the dogs. ECF No. 12 at 2. The Final Judgment was entered after notice was given to Ms. Bozeman and she was provided an opportunity to be heard during an evidentiary hearing. *Id.* at 3. That Judgment ordered that permanent custody of the dogs "be turned over to the City of Tallahassee Animal Services." *Id.*

The City further explains that Ms. Bozeman filed multiples motions to stay and motions to review in the county court and the court of appeal. *Id.* at 4. Both "the county court and the appellate court have denied the motions,"[4] *id*, and Ms. Bozeman acknowledges that fact in her initial complaint. *See* ECF No. 1 at 3 ("Prior state preservation and stay requests have been denied or failed to result in enforceable preservation of the animals"). Her "emergency motion for temporary restraining order and preliminary injunction" contends that her instant request "for temporary non-disposition preservation" does not duplicate the request she filed in the Florida First District Court of Appeal "seeking conditional structured placement or limited remand," and she advises that motion was "pending," at least as of May 4, 2026. ECF No. 3 at 4.

The City asserts that the *Rooker-Feldman* doctrine bars this action and strips this Court of jurisdiction. ECF No. 12 at 5. Further, the City's motion to dismiss argues that this Court must abstain under Younger v Harris, 401 U.S. 37 (1971). *Id.* at 13. Additional arguments are that

---

[4] The District Court of Appeal denied her motion to stay. ECF No. 12 at 4. The City advises that Ms. Bozeman filed five motions in the appellate court and three motions in county court. *Id.* (citing to ECF No. 11-1). Ms. Bozeman acknowledges that her stay requests were denied. ECF No. 1 at 3; *see also* ECF No. 4 at 9.

Plaintiff lacks Article III standing and her complaint fails to state a claim.  *Id.* at 19-29.

In response, Ms. Bozeman argues that her injury is not the final judgment, this case is not barred by *Rooker-Feldman*, and *Younger* abstention does not apply.  ECF No. 18 at 1-2.  She contends those "arguments are internally contradictory" because state proceedings cannot be both final and ongoing.  *Id.* at 3.  Finally, she asserts that the complaint should not be dismissed because she has standing and has stated a due process claim.  *Id.* at 3-4.

**Subject Matter Jurisdiction**

A well established body of law known as the "*Rooker-Feldman* doctrine" bars federal district courts from reviewing state court decisions. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009).  "The *Rooker–Feldman* doctrine applies when 'state-court losers complaining of injuries caused by state-court judgments' bring later claims in federal district court that invite the district court to review[5] and reject the earlier state-court judgments."   Alvarez v. Att'y Gen., 679 F.3d 1257, 1262 (11th

---

[5] To be clear, the Court has reviewed only the "Final Judgment" as referenced in Plaintiff's complaint and not other attachments provided.  *See* ECF No. 17.

Cir. 2012).  In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court clarified that the *Rooker–Feldman* "doctrine is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1285 (11th Cir. 2018).

The doctrine applies where an issue presented to the district court is "inextricably intertwined with the state court judgment." Alvarez, 679 F.3d at 1262.  A claim is "inextricably intertwined" if it asks a federal court to "effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." Target Media Partners, 881 F.3d at 1286.  *Rooker-Feldman* is a jurisdictional doctrine because "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Harper v. Chase Manhattan Bank, 138 F. App'x 130, 132 (11th Cir. 2005) (citing Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997)).

Here, Ms. Bozeman argues that this action is not barred because her "alleged injury is not the entry of the Final Judgment" but, instead, it is the threatened loss of the dogs "before appellate review concludes." ECF No. 18 at 1. She contends that granting relief in her favor "would not require finding the state judgment erroneous." *Id.* at 2. Her emergency motion states that she "does not ask this Court to reverse, modify, vacate, review, or stay the state Final Judgment." ECF No. 3 at 2. Rather, her complaint seeks to prevent the City from transferring custody of the dogs through adoption, fostering, or rescue and seeks to prevent them from being euthanized during her appeal. ECF No. 1 at 6.

Importantly, a final judgment was entered against Ms. Bozeman and in favor of the City in county court. The judgment was based on the court's conclusion that Ms. Bozeman did not meet her burden "to prove she is able and fit to have custody of and adequately provide for" the dogs at issue. ECF No. 4 at 5. Her custody of the dogs was terminated and the dogs were placed in the custody of the City. *Id.* at 7. Ms. Bozeman's "injury" is directly caused by the Final Judgment - her loss of possession of the dogs which renders her unable to control what the City does with the dogs.

It would appear that her claim in this case is inextricably intertwined with the Final Judgment as entered by County Court Judge Nina Ashenafi-Richardson on February 27, 2026, because she is asking this Court to nullify the Judgment by forbidding the City to assert its authority over property which was placed in its custody - four dogs.  Although she argues that she is not seeking to vacate the state court order in this case, *see* ECF No. 3 at 2, and she contends she is merely requesting the dogs be preserved in this action, Ms. Bozeman's ultimate purpose is to "obtain restoration" of the animals.  *Id.* at 8.  She contends that if the "animals are disposed of," her "appeal risks becoming a paper exercise."  *Id.*  Yet the ongoing appeal presents an additional issue - has the state proceeding ended for purposes of *Rooker–Feldman*?   That question was addressed by the Eleventh Circuit Court of Appeal in Nicholson v. Shafe, 558 F.3d 1266, 1275 (11th Cir. 2009).

There, the Court pointed to its earlier decision in Powell v. Powell, 80 F.3d 464 (11th Cir.1996), which "implie[d] that the *Rooker–Feldman* doctrine does not apply where a state court loser has appealed to the state appellate court." Nicholson, 558 F.3d at 1276.  However, there is no longer a need to rely on an implication as the Eleventh Circuit has now clearly

held "that state proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment."  558 F.3d at 1279.

The City argues that "[t]he pendency of the state appeal is irrelevant" because this action "does not challenge the issues raised on appeal."  ECF No. 12 at 10-11.  First, regardless of what issues are currently on appeal, this Court must recognize the undisputed fact between the parties that an appeal is currently pending.  If the state court proceedings have not ended, then *Rooker-Feldman* does not bar this action.  Second, if plaintiffs filed an action in federal court, requesting the court "to consider whether their constitutional rights were violated during the proceedings and whether they are entitled to damages for those violations," such a claim "falls outside *Rooker-Feldman*'s boundaries."  Behr v. Campbell, 8 F.4th 1206, 1213 (11th Cir. 2021) (finding that due process claim was not barred).  Ms. Bozeman's claim in this Court is a due process claim.  ECF No. 1 at 5.  The argument that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine should be denied.

**Younger Abstention**

The City next argues that the *Younger* abstention doctrine compels this Court to "decline the exercise of jurisdiction . . . out of respect for the independence of state court proceedings."  ECF No. 12 at 13.  The City argues that this case fits within two categories of cases which require abstention.  *Id.* at 14.  First, the underlying state court case was brought pursuant to FLA. STAT. § 828.073,[6] a "civil enforcement statute through which" the City initiated a proceeding against Ms. Bozeman for  violating Florida's animal welfare laws.  ECF No. 12 at 14.  According to the City, that is "a civil enforcement proceeding akin to a criminal prosecution within" the second category of *Younger* abstention cases.  Additionally, it is argued that this is also a civil proceeding "that  implicate[s] a state court's interest in enforcing the orders and judgments of its courts."  *Id.* at 15.  Of course, Ms. Bozeman disagrees.  ECF No. 18 at 2.  She argues this case does not fall within one of the three exceptional categories.  *Id.*

---

[6] The Final Judgment said that the trial court "considered evidence properly presented pursuant to Section 828.073(5)(a), (d), (e), and (h), Florida Statutes."  ECF No. 4 at 5.  Section 828.073 provides for the removal and care of animals which have been "neglected or mistreated."

At the outset, this Court highlights for the parties that "federal courts are obliged to decide cases within the scope of federal jurisdiction."  Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013).  The Supreme Court has stated that "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter."  Sprint Commc'ns, 571 U.S. at 72, 134 S. Ct. at 588.

> While the federal courts have a "virtually unflagging" obligation to hear the cases before them, the *Younger* doctrine presents a narrow exception.  [*31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)] (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).  *Younger* "requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding." *Deakins v. Monaghan*, 484 U.S. 193, 202, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988).

Leonard v. Alabama State Bd. of Pharmacy, 61 F.4th 902, 907 (11th Cir. 2023).  "The Supreme Court has recognized only three types of state proceedings where abstention is warranted: (1) 'criminal prosecutions'; (2) 'civil enforcement proceedings'; and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ... judicial functions.'"  New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 367-68, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989) (NOPSI) (quoted in Leonard, 61 F.4th at 907-08).

The first consideration is whether the underlying state court proceeding was a "civil enforcement proceeding."  Court "decisions applying *Younger* to instances of civil enforcement have generally concerned state proceedings 'akin to a criminal prosecution' in 'important respects.'"  Sprint Commc'ns, 571 U.S. at 79, 134 S. Ct. at 592 (citations omitted).  The Supreme Court explained the characteristics of such actions as sanctioning the federal plaintiff "for some wrongful act," involving "a state actor who "often initiates the action," and which involves the enforcement of state law, commonly begun by an investigation which culminates "in the filing of a formal complaint or charges."  571 U.S. at 79-80 (citations omitted); *see also* Watson v. Fla. Jud. Qualifications Comm'n, 618 F. App'x 487, 490 (11th Cir. 2015).  The Court agrees with the City that the underlying proceeding based on the enforcement of Florida's animal welfare law is a civil enforcement proceeding.

The next consideration is "whether the case warrants *Younger* abstention" by analyzing the three factors from Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) - "(1) do the proceedings constitute 'an ongoing state judicial proceeding,' (2) 'do the proceedings implicate important state interests,' and (3) 'is there an

Case No. 4:26cv216-RH-MAF

adequate opportunity in the state proceedings to raise constitutional challenges.'" Morancy v. Salomon, No. 24-12505, 2025 WL 1341957, at *2 (11th Cir. May 8, 2025), *cert. denied*, 146 S. Ct. 888, 223 L. Ed. 2d 276 (2025) (quoting Middlesex).  The first factor is simple - both parties agree that Ms. Bozeman's appeal is still pending and, thus, "ongoing."

The second factor is also simple.  "Proceedings implicate important state interests when they are necessary for the vindication of vital state policies."  Morancy, 2025 WL 1341957, at *2 (citing to 31 Foster Children, 329 F.3d at 1274).  The State of Florida has an important interest in preventing animal cruelty and has made animal cruelty a criminal offense. FLA. STAT. § 828.12.

The third *Middlesex* factor puts the burden on the plaintiff to demonstrate "that the state proceedings do not provide an adequate remedy for their federal claims."  31 Foster Children, 329 F.3d at 1279 (quoted in Morancy, 2025 WL 1341957, at *3).  This Court must "assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Id.*  Ms. Bozeman has not shown that she is unable to obtain an "adequate remedy" in the Florida First

District Court of Appeal.  Therefore, because all three *Middlesex* factors have been met, abstention under *Younger* is appropriate.[7]

"*Younger* abstention applies to claims for injunctive relief, as well as claims for declaratory judgment that would effectively enjoin state proceedings."  Watson, 618 F. App'x at 491 (citing to Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1261 (11th Cir. 1997)).  Ms. Bozeman's only requests for relief in this case were for injunctive and declaratory relief.  ECF No. 1 at 6.  Because the *Younger* abstention bars this case, it is recommended that Ms. Bozeman's motion for temporary restraining order and preliminary injunction, ECF No. 3, be denied.  *See* Watson, 618 F. App'x at 491 (holding the district court "did not abuse its discretion by dismissing Watson's claims for injunctive and declaratory relief" which were barred by *Younger* abstention).  The Defendant City's motion to dismiss, ECF No. 12, should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 12, based on *Younger* abstention be **GRANTED**, that

---

[7]  Briefly, this Court notes that "[e]xceptions to *Younger* abstention include bad faith, harassment, or a patently invalid state statute."  618 F. App'x at 490.  None of those exceptions apply in this case and Ms. Bozeman did not argue that they do.

Plaintiff's emergency motion for temporary restraining order and preliminary injunction to preserve specific animals from irreversible municipal disposition, ECF No. 3, be **DENIED**; and this case **be DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2026.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**